# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:20-cv-00242-RJC-DSC

| | |
|---|---|
| PRISCILLA WILLIAMS, KIMBERLY NAPIER, PENNY WOLFE, and SANDY WIZZARD, individually and on behalf of all others similarly situated <br><br> Plaintiffs, <br><br> v. <br><br> THE CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY, <br><br> Defendant. | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiffs' motion to approve notice of collective action lawsuit (the "Motion"). (Doc. No. 42). For the reasons stated herein, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

Plaintiffs are current or former employees of Defendant the Charlotte Mecklenburg Hospital Authority, known as Atrium Health ("Defendant" or "Atrium"), in its Pediatric Cancer Unit at Atrium Health Levine Children's Hospital, working as Nurses, Registered Nurses, or Healthcare Technicians. (Doc. No. 1 ¶ 20). They filed the instant action on April 23, 2020, bringing individual and collective action claims under, among others, the Age Discrimination in Employment Act of 1967 ("ADEA"). In a prior Order, the Court denied Defendant's request to dismiss Plaintiffs' ADEA collective action claim. (Doc. No. 38). In the same Order, the Court granted Plaintiffs' Motion to Conditionally Certify the Collective Action and Facilitate Notice

Pursuant to 29 U.S.C. § 216(b), conditionally certifying a refined version of the ADEA Class as to Plaintiffs Napier and Williams as follows:

> All current and former employees of The Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health, Inc. f/k/a Carolinas HealthCare System, employed at any time from April 23, 2017 to the present, that directly or indirectly reported to Kerry Bratcher, and were over age 40 when they reported to Bratcher (the "Conditionally Certified ADEA Class").

(*Id.*). The Court further ordered the parties to meet and confer regarding their disputes about Plaintiffs' proposed Conditionally Certified ADEA Class notice and opt-in form. (Doc. No. 38). Thereafter, Plaintiffs filed the instant Motion seeking approval of the Notice of Collective Action Lawsuit, opt-in form, and notice methods. (Doc. No. 42).

## II. DISCUSSION

Defendant's response opposes two aspects of Plaintiffs' proposed notice to potential plaintiffs: (1) Plaintiffs' request to post notice in employee-only areas because Plaintiffs failed to explain why other methods of delivery are insufficient; and (2) Plaintiffs' request for potential plaintiffs' telephone numbers to provide notice via text message because Plaintiffs failed to show a special need for telephone numbers.

The FLSA, 29 U.S.C. § 201 et seq., "embodies a federal legislative scheme to protect covered employees from prohibited employer conduct." *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 831 (E.D. Va. 2008). It allows a plaintiff alleging a violation of the statute to bring suit on his own behalf or on behalf of other employees who are similarly situated. 29 U.S.C. § 216(b). Pursuant to § 626(b) of the ADEA, claims may be brought as collective actions under § 216 of the FLSA. Section 216(b) of the FLSA expressly provides for the procedure for collective actions as follows:

> An action to recover the liability prescribed [under the FLSA] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by

> any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Id.* Thus, class members must "opt-in" to an FLSA collective action by filing their consent to suit.

*Id.* And if a court conditionally certifies an FLSA class, then it will authorize notice to putative class members. *Danford v. Lowe's Home Centers, LLC*, No. 5:19-CV-00041-KDB-DCK, 2019 WL 4874823, at *3 (W.D.N.C. Oct. 2, 2019). "District courts have wide discretion in facilitating notice to potential claimants," including "limiting the size of the proposed class, restricting duplicative notices, and altering the content of the notice." *Id.*

First, Plaintiffs ask the Court to require Defendant to post notice in employee-only areas of the workplace.[1] Defendant argues posting notice will cause disruption and distraction to employees. The Court agrees posting notice in the workplace in this case is unnecessary. Defendant has, and is required to provide to Plaintiffs, the current addresses and email addresses for current employees. And, as discussed below, if notice sent to any current employees is returned as undeliverable, Plaintiffs may also obtain those employees' telephone numbers to facilitate notice by text message. In addition, posting notice in the workplace will not assist in providing notice to former employees. Further, Defendant is a hospital, whose employees are providing life saving medical treatment to patients. Any employee disruption or distraction could potentially be life threatening to patients. Plaintiffs cite cases from this District where defendants were required to post notice in the workplace; however, those cases did not deal with objections to posting notice in the workplace or otherwise analyze the issue with facts similar to this case. *See Rehber v.*

---

[1] Plaintiffs initially requested posting notice on the Pediatric Cancer Unit, but have since requested posting notice in only employee-only areas in an attempt to compromise on Defendant's objections.

*Flowers Foods, Inc.*, No. No. 3:12cv596, 2013 WL 1190290, at *3 (W.D.N.C. Mar. 22, 2013) (Cogburn, J.) (requiring defendant to post notice in workplace without objection and analysis of whether posting in workplace is appropriate); *Klakulak v. Americahomekey, Inc.*, No. 3:11cv388-MOC, 2012 WL 13194972, at *2 (W.D.N.C. Mar. 1, 2012) (Cogburn, J.) (same); *Edwin v. Jiasheng, Inc.*, No. 3:19-cv-306-MOC-DSC, 2020 WL 697454, at *3 (W.D.N.C. Feb. 11, 2020) (Cogburn, J.) (same). As Defendant notes, other courts have declined to require defendants to post notice in the workplace when other forms of notice are sufficient. *See Phelps v. MC Comms., Inc.*, No. 2:11–CV–00423–PMP–LRL, 2011 WL 3298414, at *6 (D. Nev. Aug. 1, 2011) (declining to require defendant to post notice in workplace because defendant would have contact information for current employees and posting in workplace would not provide notice to former employees for whom defendant did not have current information); *Litvinova v. City & Cnty of San Francisco*, No. 18-cv-01494-RS, 2019 WL 1975438, at *5 (N.D. Cal. Jan. 3, 2019) (declining to require defendant to post notice in workplace because multiple other means of notice were approved); *Earl v. Norfolk State Univ.*, No. 2:13CV148, 2014 WL 6608769, at * (E.D. Va. Nov. 18, 2014) (declining request to require defendant to post notice in workplace because it was not necessary to facilitate notice); *Charbonneau v. Mortg. Lenders of Am. LLC*, No. 18-2062-CM-KGS, 2018 WL 6423584, at *4 (D. Kan. Dec. 6, 2018) (declining to require defendant to post notice in workplace because it will not reach a wider audience than mailing since defendant's current employees contact information is presumed to be accurate). The Court agrees, notice by mail, email, and text message (as needed) are sufficient forms of notice based on the specific facts here.

Next, Plaintiffs request that Defendant be required to provide potential plaintiffs' telephone numbers to facilitate notice by text massage. It is well settled that notice by email and mail are frequently permitted. *See Danford*, 2019 WL 4874823, at *3. Accordingly, Defendant must

provide names, dates of employment, addresses, and email addresses of potential plaintiffs. However, in an effort to protect the privacy of potential plaintiffs, courts require that plaintiffs show a special need for telephone numbers. *See Hathaway v. Smallcakes Steele Creek, LLC*, No. 3:21-CV-00290-FDW-DSC, 2021 WL 4073297 (W.D.N.C. Sept. 7, 2021); *Hart v. Barbeque Integrated, Inc.*, 299 F. Supp. 3d 762, 772 (D.S.C. 2017). Here, the Court is mindful of the time that has passed since 2017, when the conditional class begins, changing contact information over time, and that potential plaintiffs may be former employees of the Defendant. The Court is also understanding of the privacy concerns of the potential plaintiffs. Mindful of the competing considerations, the Court will allow disclosure of telephone numbers to facilitate notice by text message, but only for those potential plaintiffs whose initial notice by mail and email are returned as undeliverable. *See Danford*, 2019 WL 4874823, at *7 (allowing disclosure of telephone numbers if mail and email notices return undeliverable); *Clark v.* Williamson, No. 1:16-cv-1413, 2018 WL 1626305 at *6 (M.D.N.C. Mar. 30, 2018) (same); *Earl*, 2014 WL 6608769, at *8 n.7.

Last, Plaintiffs' Motion attaches their proposed Notice of Collective Action Lawsuit and opt-in form, incorporating revisions the parties agreed to. Separately, their Motion attaches additional changes proposed by Defendant, to which Plaintiffs do not agree. The Court approves the Plaintiffs' Notice of Collective Action Lawsuit in all respects including the sixty (60) day opt-in period, except that the notice in all respects shall be addressed to, refer to, and state the following may join the lawsuit:

> All current and former employees of The Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health, Inc. f/k/a Carolinas HealthCare System, employed at any time from April 23, 2017 to the present, that directly or indirectly report or reported to Kerry Bratcher, and were over age 40 when they reported to Bratcher.

Similarly, Plaintiffs' Consent to Become Party Plaintiff is approved in all respects except that the opt-in plaintiff shall agree, "By signing below, I state that I have been employed

by The Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health (previously d/b/a Carolinas HealthCare System) (collectively "Defendant"), that I directly or indirectly report or reported to Kerry Bratcher, at some point between April 23, 2017 to present, and that I was over age 40 when I reported to Bratcher."

## III.   CONCLUSION

**IT IS THEREFORE ORDERED** that:

1.  Plaintiffs' motion to approve notice of collective action lawsuit, (Doc. No. 42), is **GRANTED IN PART** and **DENIED IN PART**, as described herein.

2.  Defendant is ordered to provide the names, dates of employment, addresses, and email addresses of potential plaintiffs within fourteen (14) days of this Order. If any potential plaintiffs' notice by mail and email are returned as undeliverable, Defendant shall provide their telephone number within ten (10) days of notice by Plaintiffs.

Signed: April 5, 2022

Robert J. Conrad, Jr.
United States District Judge