# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| Priscilla Williams, Kimberly Napier, Penny Wolfe, Sandy Wizzard, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>The Charlotte-Mecklenburg Hospital Authority, d/b/a Atrium Health,<br><br>Defendants. | Civil Action No. 3:20-cv-00242<br><br>**ATRIUM HEALTH'S MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS FOR PLAINTIFFS' FAILURE TO FULLY COMPLY WITH COURT ORDER COMPELLING DISCOVERY RESPONSES** |

Defendant The Charlotte-Mecklenburg Hospital Authority, d/b/a Atrium Health ("Defendant" or "Atrium Health"), by and through the undersigned counsel and pursuant to Federal Rules of Civil Procedure 37 and 41 and Local Rule 7.1, hereby submits this Memorandum in Support of its Motion for Sanctions for Plaintiffs' Failure to Fully Comply with Court Order Compelling Discovery Responses.

## I. INTRODUCTION AND NATURE OF THE CASE

On February 13, 2023, this Court ruled on Atrium Health's Motion to Compel discovery responses by ordering all named and opt-in Plaintiffs to serve "**complete responses, without objection**", to Atrium Health's First Set of Interrogatories and Requests for Production of Documents no later than February 23, 2023. On February 22, 2023, Plaintiffs sought, and were granted, a ten (10) day extension of time, through and including March 6, 2023, to comply with the Court's Order. (*See* Dkt. No. 62 and Feb. 23, 2023 Text Order.) Despite the extension, Atrium Health did not receive anything from Plaintiffs until March 13, 2023, and importantly, Plaintiffs' discovery responses still remain deficient and/or altogether outstanding. Plaintiffs' failure ofully

comply with this Court's Order is compromising Atrium Health's ability to defend itself in this action by limiting its ability to gather needed information regarding the Plaintiffs. The absence of needed information from Plaintiffs that this Court Order them to compel is also impacting Atrium Health's ability to fully comply with the Court's discovery deadlines such as producing its anticipated expert reports and completing all discovery by the June 1, 2023 deadline.

## II. STATEMENT OF FACTS

Plaintiffs Priscilla Williams, Kimberly Napier, Penny Wolfe, and Sandy Wizzard initiated this matter against Atrium Health by filing a Complaint, on behalf of themselves and other allegedly similarly situated employees, on April 23, 2020. (*See* Dkt. No. 1.) The Complaint asserted a hodgepodge of overlapping and conflicting individual, class, and collective action claims for discrimination, harassment, and retaliation under both the Age Discrimination in Employment Act, 20 U.S.C. 621, *et seq.* ("ADEA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (*See id.*) Plaintiffs also asserted Rule 23 class claims for wrongful discharge under North Carolina's Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.1 *et seq.* ("NCEEPA"). (*Id.*) Between April 23, 2020 and June 24, 2020, an additional eight individuals—Willisene Sloane, Yvette Phillips, Lisa Smith-Benge, Shanada London, Elizabeth Meybohm, Leigh-Ann Caporale, Jeffrey Reitkerk, and Jennifer Gwaltney—filed Notices of Consent to Become Party Plaintiffs as related to the ADEA collective action claims. (*See* Dkt. Nos. 2, 17, 19, 40, 49, 50, 52, 53.)

On May 20, 2022, the Court issued its first Pretrial Order and Case Management Plan, which set forth a discovery completion deadline of February 1, 2023.[1] (Dkt. No. 51.) Accordingly, with the exception of Jennifer Gwaltney, Atrium Health served each of the named and opt-in

---

[1] The Court subsequently extended the discovery completion deadline to June 1, 2023 by way of a text order dated January 11, 2023.

2

Plaintiffs with a set of interrogatories and requests for production of documents on June 8, 2022. Jennifer Gwaltney did not file her consent to join the ADEA Collective Action until June 24, 2022, and therefore, Atrium Health subsequently served her with a set of interrogatories and requests for production of documents on June 30, 2022. Following an extension, Plaintiffs Priscilla Williams, Kimberly Napier, Penny Wolfe, Willisene Sloan, Yvette Phillips, Lisa Smith-Benge, Elizabeth Meybohm, Leigh-Ann Caporale, and Jennifer Gwaltney served their answers and responses, which were received by way of email on August 12, 2022. Plaintiffs did not initially serve any corresponding document production, and in fact, did not do so until more than two months later, on October 18, 2022. Even then, Atrium Health only received a mere 70 pages of documents, all relating to only Plaintiffs Lisa Smith-Benge and Leigh-Ann Caporale.

On January 18, 2023, after numerous efforts to obtain full and complete discovery responses through informal channels—including no less than seven (7) emails and/or written letters to Plaintiffs—were unfruitful, Atrium Health filed a Motion to Compel. (*See* Dkt. No. 58 & 58-1 through 58-9.) The following day, January 19, 2023, Atrium Health received the following from Plaintiffs: (1) supplemental responses to interrogatories from Plaintiffs Willisene Sloan, Yvette Phillips, Lisa Smith-Benge, Leigh-Ann Caparole, Elizabeth Meybohm, and Kimberly Napier; (2) supplemental responses to requests for production from Plaintiffs Leigh-Ann Caparole; and (3) a document production consisting of approximately 230 pages, total, from Plaintiffs Kimberly Napier, Willisene Sloan, Yvette Phillips, Lisa Smith-Benge, Elizabeth Meybohm, and Leigh-Ann Caporale.

On February 13, 2023, this Court ruled on Atrium Health's Motion to Compel and ordered Plaintiffs to "serve complete responses without objection" to Atrium Health's First Set of Interrogatories and Requests for Production of Documents no later than February 23, 2023. (*See*

3

Feb. 13, 2023 Text Order.) On February 22, 2023, Plaintiffs sought, and were granted, a ten (10) day extension of time to comply with the Court's Order. (*See* Dkt. No. 62 and Feb. 23, 2023 Text Order.) Despite the extension, Plaintiffs did not, and still have not, fully complied with the Court's February 13, 2023 Order. Specifically, on March 13, 2023—seven (7) days *after* the extended deadline to comply—Atrium Health received the following from Plaintiffs: (1) Plaintiff Sandy Wizzard's Responses to Atrium Health's First Set of Interrogatories and Requests for Production of Documents; (2) Plaintiff Jennifer Gwaltney's Responses to Atrium Health's First Set of Interrogatories and Requests for Production[2]; and (3) approximately 100 pages of documentation, total, relating to Plaintiffs Jennifer Gwaltney and Sandy Wizzard.

Thus, notwithstanding the Court's February 13, 2023 Order compelling "complete responses without objection[,]" Plaintiffs' responses to Atrium Health's First Set of Interrogatories and Requests for Production of Documents remain deficient in several ways, including:

1. Plaintiffs Penny Wolfe and Elizabeth Meybohm still have not served a verification to their interrogatory responses, as required by Fed. R. Civ. P. 33(b)(3).

2. Atrium Health only received supplemental interrogatory responses from Plaintiffs Willisene Sloan, Yvette Phillips, Lisa Smith-Benge, Elizabeth Meybohm, Jennifer Caporale, and Kimberly Napier. Moreover, the supplemental interrogatory responses still contain boilerplate general objections, and to the extent that these Plaintiffs assert objections specific to individual interrogatories or requests for production, such objections still fail to comply with Rules 33 and 34, which require that responses to discovery requests be drafted with specificity and detail. *See* Fed.

---

[2] Interestingly, these responses are substantively identical to the responses Plaintiff Jennifer Gwaltney served on August 10, 2022. The only difference between the responses served on August 10, 2022 and those served on March 13, 2022 is the date reflected in the signature block, certificate of service, and verification.

R. Civ. P. 33(b)(4) ("the grounds for objecting to an interrogatory must be stated with specificity"); see also Fed. R. Civ. P. 34(b)(2)(B) ("…the response must…state with specificity the grounds for objecting to the request, including the reasons").

3. Atrium Health only received supplemental responses to its Requests for Production of Documents from Plaintiff Jennifer Caporale.

4. More than seven (7) months overdue, Plaintiff Sandy Wizzard finally served discovery responses; however, her responses contain boilerplate general objections, which are not only improper as described in No. 2 above, but any objections she may have had were waived pursuant to Rule 33(b)(4) of the Federal Rules of Civil Procedure. Moreover, while Plaintiff Sandy Wizzard did produce approximately 72 pages of documents, it is unclear as to whether all responsive documentation has been produced because her responses to the Requests for Production merely state: "[r]esponsive, non-privileged documents will be produced" without providing the Bates label range applicable to each request.

5. Plaintiffs have still only served a cumulative total of approximately 400 pages of documentation as follows:

| Plaintiff | Number of Pages Produced |
|---|---|
| Williams | 0 |
| Wolfe | 0 |
| Napier | 90 |
| Wizzard | 72 |
| Sloan | 5 |

5

| | |
|---|---|
| Phillips | 30 |
| Smith-Benge | 78 |
| London | 0 |
| Meybohm | 9 |
| Caporale | 88 |
| Reitkerk | 0 |
| Gwaltney | 29 |

6. As demonstrated in the table above, Atrium Health has not received any document production from Plaintiffs Priscilla Williams, Penny Wolfe, Jeffrey Reitkerk, or Shanada London. Moreover, none of the Plaintiffs completed, signed, or returned any of the following: (1) IRS Form 4506, Request for Copy of Tax Returns; (2) Employment Records Authorizations; and/or (3) Authorization for Release of Protected Health Information.³ Each of these documents were specifically requested, with copies included, within the Requests for Production of Documents served on each Plaintiff.

7. Plaintiffs Shanada London, and Jeffrey Reitkerk still have not served *any* answers or responses to Atrium Health's First Set of Interrogatories or Requests for Production of Documents.⁴

---

³ With respect to the Authorization for Release of Protected Health Information, at least four (4) Plaintiffs—Sandy Wizzard, Leigh-Ann Caporale, Priscilla Williams, and Kimberly Napier—indicated in their discovery responses that they sought medical treatment as the result of physical or emotional ailments or illnesses they contend were caused or aggravated by Atrium Health.

⁴ Following receipt of Plaintiff Sandy Wizzard's discovery responses, which were served on March 13, 2023, Atrium Health inquired about the status of Plaintiffs Shanada London's and Jeffrey Reitkerk's discovery responses and opposing counsel responded that Shanada London "has had some serious health issues – but is working on her responses and will provide asap." That was on March 15, 2023, and yet, Atrium Health is still not in receipt of Shanada

6

## II. ARGUMENT

The Federal Rules of Civil Procedure permit the Court to sanction parties who fail to comply with their discovery obligations. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Specifically,

> "[i]f a party . . . fails to obey an order or provide or permit discovery . . . the court . . . may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Further, pursuant to Rule 41(b), "if the plaintiff fails to prosecute or comply with . . . a court order, a defendant may move to dismiss the action . . . ." *See also, Chambers v. NASCO, Inc.*, 501 U.S. 32, 49, 111 S. Ct. 2123, 2135, 115 L. Ed. 2d 27 (1991) (recognizing the inherent and express power of the federal district courts to dismiss cases that have not been prosecuted with diligence).

Here, Plaintiffs' failure to comply with the Court's February 13, 2023 Order warrants sanctions, up to and including dismissal of the action.

The United States Court of Appeals for the Fourth Circuit has set forth the following criteria for determining whether an action should be dismissed under Rule 41(b): "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Zeglinski*

---

London's discovery responses. Similar to prior email responses regarding this topic, the March 15, 2023 email did not provide any update with respect to Jeffrey Reitkerk.

*v. Paziuk*, Case No. 7:18-CV-114-FL, 2020 WL 1815898, at *2 (E.D.N.C. Apr. 9, 2020), *citing Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989). All of the factors weigh in favor of dismissal here.

The first and third factors above (i.e., Plaintiffs' personal culpability and whether there is a protracted history of intentionally proceeding in a dilatory fashion) weigh solely in favor of Atrium Health. This matter was commenced on April 23, 2020. (*See* Dkt. No. 1.) Following resolution of preliminary motions, the Court entered a Pretrial Order and Case Management Plan on May 20, 2022. Thereafter, Atrium Health promptly propounded and served its First Set of Interrogatories and Requests for Production of Documents on Plaintiffs. Now, nearly ten (10) months later, following Atrium Health's extensive efforts to seek full and complete responses and this Court's order compelling the same, Plaintiffs' discovery remains deficient or altogether outstanding. Discovery is set to close in less than two (2) months, on June 1, 2023, and in that time, Atrium Health still must serve third-party subpoenas (which it cannot do without the authorizations referenced in No. 6 above) and depose all Plaintiffs, which it also cannot do absent full and complete discovery responses.[5] Yet, Plaintiffs continue to preclude this case from moving forward by failing to comply with their discovery obligations despite more than ample time to do so and in direct violation of the Court's February 13, 2023 Order. Plaintiffs have essentially brought this case to a standstill and have not provided any explanation for the same.

As to the second factor (i.e., the prejudice from which the defendant has suffered), Atrium Health is unquestionably prejudiced by having to defend against claims asserted by plaintiffs who have provided incomplete or altogether absent discovery responses or documents that shed light

---

[5] Atrium Health also served deposition notices on all Plaintiffs simultaneously with its First Set of Interrogatories and Requests for Production of Documents—ten (10) months ago. Since then, Atrium Health has followed up on multiple occasions to request Plaintiffs' availability for depositions, but have yet to be provided any dates.

8

on their claims and specific allegations. Atrium Health's discovery requests go to the heart of Plaintiffs' claims. Without full and complete discovery responses, or in the case of Plaintiffs Shanada London and Jeffrey Reitkerk, the failure to answer even a single interrogatory or document request prevents Atrium Health from preparing a defense. Since the "[t]he purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available," Atrium Health will suffer significant prejudice because of Plaintiffs' continued non-compliance with its discovery requests. *Middlebrooks v. Sebelius*, Case No. PJM 04-2792, 2009 WL 2514111, at *3 (D. Md. Aug. 13, 2009); *see also Belk v. Smith*, Case No. 1:10CV724, 2015 WL 2194191, at *2 (M.D.N.C. May 11, 2015) (dismissing lawsuit where plaintiff refused to comply with discovery requests and court order compelling him to do so; "By depriving [defendant] of responses to discovery requests, [p]laintiff would have [defendant] proceed to trial ignorant of [p]laintiff's claims and the facts supporting those claims."); *Greene v. Carolina Motor Club*, Case No. 3:10CV57, 2012 WL 6092446, at * 3 (W.D.N.C. Dec. 7, 2012) (dismissing lawsuit based, in part, on defendant's being prejudiced by plaintiff's refusal to comply with discovery requests and court order compelling same) (*citing Lynch v. Novant Medical Group, Inc.*, Case No. 3:08cv340, 2009 WL 2915039, at *7 (W.D.N.C. Sept. 8, 2009) (finding the inability to obtain complete discovery responses prejudicial)).

Similarly, the last factor (i.e., whether measures less drastic than dismissal can be effectively taken) also weighs solely in Atrium Health's favor, especially with respect to Plaintiffs Shanada London and Jeffrey Reitkerk, whose total unresponsiveness supports that sanctions other than dismissal will not be effective. *See Belk*, 2015 WL 2194191, at *2 (dismissal was warranted where plaintiff ignored court order compelling him to respond to discovery). Plaintiffs' defiant

9

behavior, which jeopardizes Atrium Health's case, "encourages other litigants to flirt with similar misconduct" and "undermines effective case management and challenges this Court's power to control the progress of the case," should be deterred. *See Greene*, 2012 WL 6092446, at * 3 (citations omitted).

Dismissal is warranted here. As the above highlights, Plaintiffs' unexplained refusal to meet their discovery obligations is a clear demonstration of bad faith. *See Bernini Holdings, LLC v. Roberts*, Case No. 3:19-CV-00603-FDW-DCK, 2021 WL 2313667, *2 (W.D.N.C. June 7, 2021); *Loney v. Datamax Corp.*, Case No. 7:13-CV-226-H, 2015 WL 1000776, at *2 (E.D.N.C. Mar. 5, 2015); *see also Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 WL 6750669, *2 (M.D.N.C. Dec. 1, 2014) (dismissing lawsuit in light of plaintiff's failure to comply with court orders compelling discovery). If the Court is not inclined to dismiss the entire action, then, at a minimum, Plaintiffs Shanada London and Jeffrey Reitkerk should be dismissed, with prejudice, while the other Plaintiffs face some lesser sanction(s), as determined appropriate by the Court, including a stay of the matter pending receipt of full and complete discovery responses from the other Plaintiffs.

Finally, in addition to the sanctions permitted under Rule 37(b)(2)(A), "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Here, Plaintiffs' failure to comply with their discovery obligations and this Court's order compelling the same is without justification and Atrium Health is entitled to the fees and costs.

### III. CONCLUSION

For the reasons set forth above, Atrium Health respectfully requests this Court enter an Order Dismissing this action, with prejudice. If the Court is not inclined to dismiss the entire

10

action, then, at a minimum, Plaintiffs Shanada London and Jeffrey Reitkerk should be dismissed, with prejudice, while the other Plaintiffs face some lesser sanction(s), as determined appropriate by the Court, including a stay of the matter pending receipt of full and complete discovery responses from the other Plaintiffs. Finally, Atrium Health respectfully requests that the Court order Plaintiffs to pay its fees and costs associated with filing this Motion and the previously filed Motion to Compel.

Dated: April 10, 2023

*/s/ Stephen D. Dellinger*
Stephen D. Dellinger, Bar No. 16609
sdellinger@littler.com
Elizabeth H. Pratt, Bar No. 46132
epratt@littler.com
LITTLER MENDELSON, P.C.
Bank of America Tower
620 South Tryon Street, Suite 950
Charlotte, NC  28202
Telephone:    704.972.7000
Facsimile:     704.333.4005

Leslie A. Dent, *Admitted Pro Hac Vice*
Bar No. 218566
ldent@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E., Suite 1200
Atlanta, GA  30326.1127
Telephone:    404.233.0330
Facsimile:     404.233.2361

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

This is to certify that on April 10, 2023, the undersigned filed the foregoing using the Court's CM/ECF system which will send notification of such filing to the following CM/ECF participants in this case.

L. Michelle Gessner
GESSNERLAW, PLLC
602 East Morehead Street
Charlotte, NC 28202
michelle@mgessnerlaw.com

*Attorney for Plaintiffs*

/s/ Stephen D. Dellinger
Stephen D. Dellinger, Bar No. 16609
sdellinger@littler.com
Elizabeth H. Pratt, Bar No. 46132
epratt@littler.com
LITTLER MENDELSON, P.C.
Bank of America Tower
620 South Tryon Street, Suite 950
Charlotte, NC  28202
Telephone:   704.972.7000
Facsimile:    704.333.4005

Leslie A. Dent, *Admitted Pro Hac Vice*
Bar No. 218566
ldent@littler.com
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E., Suite 1200
Atlanta, GA  30326.1127
Telephone:   404.233.0330
Facsimile:    404.233.2361

*Attorneys for Defendant*