UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil No. 3:20-cv-0242-RJC-DSC

| | |
|---|---|
| PRISCILLA WILLIAMS, KIMBERLY NAPIER, PENNY WOLFE, and SANDY WIZZARD, individually, and on behalf of all others similarly situated;<br><br>Plaintiffs,<br>v.<br><br>THE CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY d/b/a ATRIUM HEALTH, INC. f/k/a Carolinas HealthCare System,<br><br>Defendant. | PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS |

## I. INTRODUCTION

Defendant the Charlotte-Mecklenburg Hospital Authority d/b/a/ Atrium Health, Inc. ("Atrium") seeks the ultimate and harshest sanction for non-compliance with an order compelling discovery. To wit, Atrium moves to dismiss *the entire action* filed by four Named Plaintiffs, Priscilla Williams, Kimberly Napier, Penny Wolfe, and Sandy Wizzard, to which eight (8) additional Plaintiffs have opted in, solely based on delays in discovery for which Atrium itself is equally culpable.

Although the motion mentions sanctions under Federal Rules of Civil Procedure, Rule 37(b)(2), the facts are analyzed only under Rule 41(b), a dismissal statute related to failure to prosecute. This is critical because the extreme sanction of dismissal for a purported discovery abuse requires the Court to consider the factors set forth in *Wilson v. Volkswagen of America, Inc.,* 561 F.2d 494, 503-04 (4th Cir. 1977), *cert. denied*, 434 U.S. 1020, 54 L. Ed. 2d 768, 98 S.

Ct. 744 (1978). Notably, these factors are not the same as the factors considered for dismissal under Rule 41(b). In particular, any analysis under the *Wilson* factors, "*necessarily* includes an inquiry into the *materiality* of the evidence he failed to produce." *Id.*, emphasis added. Here, Atrium did no analysis whatsoever of the materiality of the discovery it believes is outstanding and, indeed, most of it (to the extent it is truly outstanding) is not material.

With regard to Rule 41, Atrium fails to show any of the factors weigh in its favor. For instance, it does not show that Plaintiffs are *personally* responsible or that they have a habit of deliberately proceeding in a *dilatory* fashion. The only prejudice Atrium attempts to show is more of a professional judgment call – it decided that no depositions can move forward unless and until it has complete sets of discovery from each and every Plaintiff. Lastly, Atrium concedes the last factor does not weigh in favor of dismissal – that lesser sanctions will not be sufficient. Atrium itself suggests the lesser sanction of staying the action until it has received all discovery. Since Atrium has had discovery responses outstanding for many months, Plaintiffs agree that a stay or a continuance would be beneficial in this case.

Furthermore, Atrium does not cite a single analogous case in which dismissal was ordered. To be sure, Atrium does not cite any cases involving multiple plaintiffs in a collective or class action, in which the entire action was dismissed based on incomplete discovery from some plaintiffs. Furthermore, case law in this district has held that any dismissal in such multi-plaintiff cases would be premature at the discovery stage. It is more appropriate to wait until there is a non-appearance at trial to assess how to handle the non-complying plaintiff.

Lastly, Atrium seeks attorneys' fees authorized under Rule 37, but there is no basis for such an award. Atrium did not address the *Wilson* factors that must be analyzed under a Rule 37
 
 

Ct. 744 (1978). Notably, these factors are not the same as the factors considered for dismissal under Rule 41(b). In particular, any analysis under the *Wilson* factors, "*necessarily* includes an inquiry into the *materiality* of the evidence he failed to produce." *Id.*, emphasis added. Here, Atrium did no analysis whatsoever of the materiality of the discovery it believes is outstanding and, indeed, most of it (to the extent it is truly outstanding) is not material.

With regard to Rule 41, Atrium fails to show any of the factors weigh in its favor. For instance, it does not show that Plaintiffs are *personally* responsible or that they have a habit of deliberately proceeding in a *dilatory* fashion. The only prejudice Atrium attempts to show is more of a professional judgment call – it decided that no depositions can move forward unless and until it has complete sets of discovery from each and every Plaintiff. Lastly, Atrium concedes the last factor does not weigh in favor of dismissal – that lesser sanctions will not be sufficient. Atrium itself suggests the lesser sanction of staying the action until it has received all discovery. Since Atrium has had discovery responses outstanding for many months, Plaintiffs agree that a stay or a continuance would be beneficial in this case.

Furthermore, Atrium does not cite a single analogous case in which dismissal was ordered. To be sure, Atrium does not cite any cases involving multiple plaintiffs in a collective or class action, in which the entire action was dismissed based on incomplete discovery from some plaintiffs. Furthermore, case law in this district has held that any dismissal in such multi-plaintiff cases would be premature at the discovery stage. It is more appropriate to wait until there is a non-appearance at trial to assess how to handle the non-complying plaintiff.

Lastly, Atrium seeks attorneys' fees authorized under Rule 37, but there is no basis for such an award. Atrium did not address the *Wilson* factors that must be analyzed under a Rule 37

motion, but it cannot show those factors weigh in its favor. Atrium likewise has not shown the Rule 41 factors weigh in its favor either.

The motion should be denied in its entirety.

## II. FACTUAL BACKGROUND

As reflected in the below chart, Plaintiffs have fulsomely complied in responding to Defendant's discovery requests and have provided release authorizations requested, with the exception of one person and a one non-substantive item - Penny Wolfe's verification which will be forthcoming:

| Plaintiff Name | Discovery Responses Served | Supplemental Responses Served | Verification Served | Documents Produced (to the extent any exist) | Releases Served |
|---|---|---|---|---|---|
| Leigh-Ann Caparole | Yes | Yes | Yes | Yes | Yes |
| Jennifer Gwaltney | Yes | Yes | Yes | Yes | Yes |
| Elizabeth Meybohm | Yes | Yes | Yes | Yes | Yes |
| Kimberly Napier | Yes | Yes | Yes | Yes | Yes |
| Yvette Phillips | Yes | Yes | Yes | Yes | Yes |
| Wilisene Sloan | Yes | Yes | Yes | Yes | Yes |
| Lisa Smith- Benge | Yes | Yes | Yes | Yes | Yes |
| Priscilla Williams | Yes | Yes | Yes | Yes | Yes |
| Sandy Wizzard | Yes | N/A | Yes | Yes | Yes |
| Penny Wolfe | Yes | Yes | No | Yes | Yes |
| Shanada London | Yes | N/A | Yes | Yes | Yes |
| Jeffrey Reitkerk | No | N/A | No | No | No |

Atrium claims to identify seven categories of purported deficiencies, most of which do not implicate substantive facts or documents it needs to defend itself in this action. Plaintiffs will address each category in turn.

In Category No. 1, Atrium complains that, "Plaintiffs Penny Wolfe and Elizabeth Meybohm still have not served a verification to their interrogatory responses, as required by Fed. R. Civ. P. 33(b)(3)." This complaint does not relate to any substantive information Atrium needs to defend this action and thus, there can be no prejudice to Atrium resulting from this supposed deficiency. In any event, these Plaintiffs served their verifications on May 3, 2023.

In Category No. 2, Atrium complains that "Atrium Health only received supplemental interrogatory responses from Plaintiffs Willisene Sloan, Yvette Phillips, Lisa Smith-Benge, Elizabeth Meybohm, Jennifer Caporale, and Kimberly Napier. Moreover, the supplemental interrogatory responses still contain boilerplate general objections, and to the extent that these Plaintiffs assert objections specific to individual interrogatories or requests for production, such objections still fail to comply with Rules 33 and 34, which require that responses to discovery requests be drafted with specificity and detail. See Fed. R. Civ. P. 33(b)(4) ("the grounds for objecting to an interrogatory must be stated with specificity"); see also Fed. R. Civ. P. 34(b)(2)(B) ("…the response must…state with specificity the grounds for objecting to the request, including the reasons")." Once again, Atrium does not assert that any substantive information is missing from these six Plaintiffs. Instead, it complains about the phrasing of objections. However, since Plaintiffs did not refuse to respond to any of the interrogatories based on the objections, Atrium complains about a moot point. There can be no prejudice when a party provides a fulsome response but asserts objections along with that response. Further, Plaintiffs Williams, Wolfe, Napier, Wizzard, Sloan, Phillips, Smith-Benge, Meybohm, and Gwaltney served supplemental responses on April 25, 2023.

In Category No. 3, Atrium complains that "Atrium Health only received supplemental responses to its Requests for Production of Documents from Plaintiff Jennifer Caporale." While

4

this is a complaint about substantive information, Plaintiffs cured deficiencies on April 25, 2023, when 150 additional documents were produced by Plaintiffs.

In Category No. 4, "Atrium complains that, More than seven (7) months overdue, Plaintiff Sandy Wizzard finally served discovery responses; however, her responses contain boilerplate general objections, which are not only improper as described in No. 2 above, but any objections she may have had were waived pursuant to Rule 33(b)(4) of the Federal Rules of Civil Procedure. Moreover, while Plaintiff Sandy Wizzard did produce approximately 72 pages of documents, it is unclear as to whether all responsive documentation has been produced because her responses to the Requests for Production merely state: "[r]esponsive, non-privileged documents will be produced" without providing the Bates label range applicable to each request." Once again, this is a nit-picky complaint that is not related to any lack of substantive information or documents. First, since Ms. Wizzard did not withhold documents based on any objection, Atrium's complains about a moot point. Second, the documents were produced with a cover sheet explaining which documents were Ms. Wizzard's. There is no requirement that she reference the Bates numbers. All responsive documents have been produced.

In Category No. 5, Atrium complains that, "Plaintiffs have still only served a cumulative total of approximately 400 pages of documentation as follows: Williams-0, Wolfe-0, Napier-90, Wizzard-72, Sloan-5, Phillips-30, Smith-Benge-78, London-0, Meybohm-9, Caporale-88, Reitkerk-0, and Gwaltney-29." As an initial matter, this is inaccurate - Plaintiffs have produced a total of 556 pages of documents which is significant for plaintiffs in an employment case. Furthermore, Plaintiffs can only produce responsive documents in their custody and control. If they do not have documents, then they do not have them and they cannot be compelled to

produce something they do not have, nor can they be sanctioned for the number of documents in their possession.

In Category No. 6, Atrium complains that, "As demonstrated in the table above, Atrium Health has not received any document production from Plaintiffs Priscilla Williams, Penny Wolfe, Jeffrey Reitkerk, or Shanada London. Moreover, none of the Plaintiffs completed, signed, or returned any of the following: (1) IRS Form 4506, Request for Copy of Tax Returns; (2) Employment Records Authorizations; and/or (3) Authorization for Release of Protected Health Information. Each of these documents were specifically requested, with copies included, within the Requests for Production of Documents served on each Plaintiff." Plaintiffs served a document production on May 3, 2023 as to those remaining Plaintiffs who had responsive documents in their custody or control. Ms. London has no such documents to produce. All Plaintiffs except Mr. Reitkerk have served their IRS forms, Authorizations and Releases. Mr. Reitkerk had previously been responsive and indicated an intention to complete his discovery responses and participate in this case. However, Plaintiffs' counsel lost contact with him during the last 45 days, and have sent him a certified letter seeking a response.

In Category No. 7, Atrium complains that Plaintiffs Shanada London, and Jeffrey Reitkerk still have not served any answers or responses to Atrium Health's First Set of Interrogatories or Requests for Production of Documents. Ms. London has been suffering from some medical issues lately; however she served her responses on May 4, 2023. As noted above, Plaintiffs' counsel has temporarily lost contact with Mr. Reitkerk but will keep reaching out to him and supplement accordingly.

## III. LEGAL DISCUSSION

### A. Atrium failed to analyze dismissal as a discovery sanction.

Although dismissal is a possible remedy if a party fails to comply with a discovery order, both the Supreme Court and the Fourth Circuit have repeatedly stated that the severe sanctions of dismissal should be used as a last resort reserved for the most flagrant cases. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643(1976) (dismissal with prejudice is an "extreme sanction"); *see also, BizProlink, LLC v. Am. Online, Inc*., 140 Fed.Appx.459, 462 (4th Cir.2005). Indeed, the Fourth Circuit has warned that "dismissal as a sanction is an extreme remedy to be used only when a party has displayed callous disregard to its obligations or exhibited very bad faith." *Berry v. South Carolina Dep't of Social Servs*., 121 F.3d 697, 1997 WL 499950 (4th Cir. 1997). Accordingly, when the sanction involved is a judgment by default or dismissal, the district court's "range of discretion is more narrow" because the court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court. *Wilson, supra,* at 503-04.

In *Wilson*, the Fourth Circuit recognized that these competing interests require the application of a four-part test: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Id*. at 503-06. Application of these factors will ensure that only the most flagrant case, such as where the noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgment by default. *Id.* at 504.

7

Additionally, further increasing its burden, Atrium must prove the above factors by "clear and convincing evidence." *Global Hookah Dist., Inc. v. Avior,* Inc., 3:19-cv-177-KDB-DCK, 2020 WL 4349841, at *11 (W.D.N.C. July 29, 2020); *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 327 F.R.D. 96, 105 (E.D. Va. 2018). And, in addition to consideration of the *Wilson* factors, the Fourth Circuit also requires that an adequate advance warning has been given to the noncompliant party before an action is dismissed as a discovery sanction. See *Hathcock v. Navistar Int'l Transp. Corp.,* 53 F.3d 36, 40 (4th Cir. 1995). No such prior warning has been given here. Indeed, Atrium's motion to compel was granted in a text order which stated simply granting the motion to compel with each side bearing their own costs.

Furthermore, to dismiss a party as a discovery sanction under Rule 37, there must be "complete unresponsiveness." *Hodge v. N. Carolina Dep't of Public Safety*, 2022 WL 17408661, at *9 (E.D.N.C. Oct. 17, 2022), In *Hodge*, the district court declined to dismiss 12 opt-in plaintiffs because they responded to written discovery, despite not attending their deposition. Similarly, in *LaFleur v. Dollar Tree Stores, Inc*., 2014 WL 37662, at *10 (E.D. Va. Jan. 3, 2014), the district court held that "the extreme sanction of dismissal is less appropriate for plaintiffs who have participated in the collective action by responding to interrogatories and justifying their inability to attend a deposition." *Id*. at *31.

In *Brennan v. Qwest Commc'ns Int'l, Inc*., 2009 WL 1586721, at *9 (D. Minn. June 4, 2009) the district court took a different approach in issuing a lesser sanction. There, some plaintiffs did not respond to a written survey that was court-ordered but not discovery. These plaintiffs were not dismissed because they had participated in written discovery. Instead, the court precluded them from providing testimony at trial on any question asked in the survey unless they had provided the information in another form. *Id*. at *22.

8

B.     **None of the cases cited by Atrium support dismissal under the Rule 41 factors either.**

As noted, Atrium analyzes the facts only under the factors applicable to a Rule 41 motion, to wit: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. In ruling on a motion to dismiss under Rule 41, the Fourth Circuit cautioned that the above criteria is "not a rigid four-prong test. Rather, the propriety of a dismissal [under Rule 41(b)] depends on the particular circumstances of the case." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

Here, Atrium did not analyze any of the applicable factors with case law that is analogous to the facts of this case. Further, Atrium "mixes and matches" cases under Rule 41 and Rule 37, cherry-picking language from cases that were decided under Rule 37 but applying it as if the case as decided under Rule 41. And, every case decided under Rule 41 that Atrium cites, involved a Pro se plaintiff, which is significant since the first factor under Rule 41 is "the degree of *personal* responsibility on the part of the plaintiff." Meaning, if the attorney is responsible, due to conflicts, disruptions, caseload, etc. it would be unfair to penalize the plaintiff by dismissing with prejudice.

For instance, in *Zeglinski v. Paziuk*, Case No. 7:18-CV-114-FL, 2020 WL 1815898, at *2 (E.D.N.C. Apr. 9, 2020), plaintiffs, who were appearing Pro se, failed to serve their Rule 26(a)(1) initial disclosures, failed to file a Rule 26(f) report, and failed to respond to defendant's discovery requests, in contravention of the court's initial scheduling order and case management order. Perhaps most importantly, one of the plaintiffs "indicated in an email to defendant's counsel that '[her] family *decided to do not continue* a case against your clients.'" *Id.*, emphasis

9

added.

*Davis v. Williams,* 588 F.2d 69, 70 (4th Cir. 1978) did not involve a dismissal based on discovery issues. Instead, the Pro se plaintiff, was incarcerated, sued for civil rights violations for failure to provide essential medical treatment. When he refused to cooperate with scheduling the treatment, the court dismissed the action sua sponte under Rule 41.

*Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) also involved yet another incarcerated Pro se plaintiff whose writ of habeas corpus was dismissed for reasons having nothing to do with failing to respond to discovery. Instead, the case was dismissed because it: "had been pending for a year with no clarification of the charges against several defendants. In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse."

### 1. Atrium does not even attempt to meet its burden of proof on the first and third factors.

Atrium lumps together its analysis of the first and third factors, and then does not analyze either one fully, or even at all. Indeed, Atrium cites no case law guiding the Court as to the facts needed in a particular case to meet the first and third factors - the degree of *personal* responsibility on the part of Plaintiffs and the "the presence or absence of a drawn out history of *deliberately* proceeding in a dilatory fashion. Instead, Atrium simply recites the history of its version of the purported delay and deficiencies, and then concludes, without analysis, that those facts cause the first and third factors to weigh in its favor. This is not so.

First, nowhere does Atrium show any degree of *personal* responsibility for any delay or deficiency on the part of any Plaintiff. Under Atrium's analysis, even plaintiffs whose attorney is 100% at fault for the delay or deficiency would have their case dismissed. This is not the law. Clearly, the word "personal" is found in the first factor for a reason. Since Atrium failed to show

10

Plaintiffs are each personally responsible, it has failed to meet its burden on this factor. This is particularly true where some of the delay, as Atrium well knows, was due to the trial calendar and workload of Plaintiffs' counsel. In fact, in failing to address each person's purported personal responsibility, Atrium essentially concedes that it seeks dismissal under Rule 41 based on their counsel's conduct rather than each of their individual acts or omissions.

Second, Atrium then uses the same exact "facts" to try to prove the third factor – "the presence or absence of a drawn out history of *deliberately* proceeding in a dilatory fashion." Once again, Atrium glosses over a keyword in the sentence, making no attempt to show any facts proving each Plaintiff acted deliberately. Atrium has not shown that the third factor weighs in its favor either.

> **2. Atrium cites a stream of distinguishable cases that in no way support a finding in its favor on the second factor.**

Atrium concludes, with little analysis and no supporting case law, that it has been "unquestionably" prejudiced because it does not have every last drop of information from every last Plaintiff, one month before discovery even closes. Atrium states its conclusion that it is prevented from preparing a defense based on the current status of discovery, but it makes no effort to show why this is so. In fact. the only purported prejudice Atrium can point to is that it has held off on *all depositions* until it receives *all written discovery*. This is a judgment call Atrium voluntarily chose to make in this case; it most certainly could have conducted a meaningful deposition of those Plaintiffs who had substantially complied with its discovery responses. Indeed, Plaintiffs have encouraged Atrium to commence scheduling depositions and would have been willing to hold the deposition open if any Plaintiff testified he or she did not produce all documents. *Atrium chose* to bring this case to a standstill, not Plaintiffs.

Next, not a single case cited by Atrium in support of its claimed prejudice is on point or

11

even marginally analogous. *Middlebrooks v. Sebelius*, Case No. PJM 04-2792, 2009 WL 2514111, at *3 (D. Md. Aug. 13, 2009) involved a motion brought under Rule 37(b) and the district court performed an entire analysis of the *Wilson* factors, which as noted above, Atrium failed to do here. As noted above, the prejudice analyzed under the *Wilson* factors includes: "the amount of prejudice his noncompliance caused his adversary, *which necessarily includes an inquiry into the materiality of the evidence he failed to produce*." See, *Carter v. Archdale Police Dep't*, Case No. 1:13CV613, 2014 WL 6750669, *2 (M.D.N.C. Dec. 1, 2014).

Factually, *Middlebrooks, which also* involved a Pro Se plaintiff, is wildly distinguishable:

> Middlebrooks has failed to appear for properly noticed depositions, failed to supplement discovery regarding interrogatories, and failed to file a status report, despite the Court's directives that she do so. By order dated April 10, 2009, Middlebrooks was directed to respond to the discovery process and specifically warned that her failure to do so, including failure to appear for deposition, could result in dismissal of her case. Following her second failure to appear or explain her non-attendance for a properly noticed deposition, the Government filed the Motion to Dismiss for Prejudice with Sanctions presently before the Court. Middlebrooks has also ignored the June 8, 2009 deadline set by the Court to respond to the Motion to Dismiss and has yet to file any opposition.

*Belk v. Smith*, Case No. 1:10CV724, 2015 WL 2194191, at *2 (M.D.N.C. May 11, 2015) also involved a Pro se plaintiff, whose last contact with the court was two years before his case was dismissed for failure to prosecute under Rule 41 after not even responding to the defendant's motion. In this sense, Atrium misrepresents the holding of the case, which was not based solely on failing to comply with discovery requests, as follows:

> It appears that Plaintiff's last contact with this Court occurred on June 13, 2013. (See Docket Entry 25.) The Clerk's Office has sent Plaintiff numerous notices through the mail, and the United States Postal Service has not returned any of those notices as undelivered. Furthermore, the docket does not contain any information that Plaintiff has contacted the Clerk's Office regarding his case. Accordingly, the undersigned finds that Plaintiff has continuously and willfully

12

Case 3:20-cv-00242-RJC-SCR    Document 67    Filed 05/04/23    Page 12 of 16

failed to respond and has "deliberately proceeded in dilatory fashion," Ballard, 882 F.2d at 95, in handling the litigation of this case.

*Id*. at *4.

Similarly, *Greene v. Carolina Motor Club,* Case No. 3:10CV57, 2012 WL 6092446, at * 3 (W.D.N.C. Dec. 7, 2012) did not involve Rule 41 and was decided under Rule 37(b), with a full analysis of the *Wilson* factors (which it calls the "*Mutual Federal* test"). Of course, Atrium failed to analyze those factors here. In particular, the district court in Greene found the plaintiffs had acted in bad faith under the first *Wilson* (aka *Mutual*) factor:

> First of all, Plaintiffs do not dispute that the responses they provided to Defendants on June 29th fail to comply with the Court's Order of June 19th. The Court specifically and clearly directed Plaintiffs to "to fully and completely, and without objections, respond to [Defendants'] discovery" within ten days. (D.E.# 69, p. 2-3). Some Plaintiffs chose to ignore the Court altogether and failed to provide responses. Those who did respond provided responses that were incomplete, non-responsive, riddled with objections, and unsigned and unverified. Despite Defendants' counsel's detailed letter of July 18, 2012 listing the numerous deficiencies, Plaintiffs have continued to ignore their obligation to provide discovery to Defendants. Moreover, Plaintiffs have ignored the Court's Order directing the payment of sanctions, and have indicated no intention to pay. Plaintiffs' ongoing pattern of failure to participate in discovery, as evidenced by the record in this case, and their indifference to the Court's clear directive on June 19th can only lead to one conclusion: Plaintiffs are acting in bad faith.

*Id.* at *5-6. Here, of course, Atrium does not even attempt to show bad faith, and there is none to be shown.

Finally, *Lynch v. Novant Medical Group, Inc.*, Case No. 3:08cv340, 2009 WL 2915039, at *7 (W.D.N.C. Sept. 8, 2009) is yet another case involving a Pro se plaintiff. It is also another case decided under Rule 37(b) using the *Wilson* factors, specifically the first factor. The district court dismissed based on a finding of bad faith, which Atrium has not even attempted to show here. In *Lynch*, the bad faith finding was based on:

13

### 3. Atrium defeats its own motion by arguing that the lesser sanction of a stay would suffice instead of dismissal.

Atrium does not even attempt to show that lesser sanctions would not be effective because it voluntarily suggests that a stay pending completion of discovery would be an effective sanctions. Plaintiffs agree and would have been, and remain, completely amenable to a short stay to complete the written discovery process. This would allow Plaintiffs' counsel more time to connect with Mr. Reitkerk and allow Ms. London time to work through her hardships and have the bandwidth to turn their focus to finishing the discovery process. Alternatively, an extension of the discovery deadline would achieve the same purpose. Plaintiffs have separately moved for said extension of dates which defense counsel has indicated Defendant is likely to agree. [ECF No. 66]

### D. In class and collective actions, dismissal of individual plaintiffs at the discovery stage is improper.

Throughout its motion, Atrium never acknowledges the fact that this is a collective and class action with multiple Plaintiffs and Opt-in Plaintiffs. Atrium treats them as if they all rise and fall together, based on each other's discovery responses. This is not the law, particularly where representative proof will be used at trial to prove Plaintiffs' claims. See, *Scott v. Family Dollar Stores, Inc.*, 2016 U.S. Dist. LEXIS 195620, 2016 WL 9651776, at *1-*2 (W.D.N.C. Feb. 5, 2016).

In fact, under *Scott*, dismissal is not even warranted as to Mr. Rodriguez, the Plaintiff who has been non-responsive thus far and whom Plaintiffs' counsel has lost contact with. In *Scott*, this Court found that failing to respond to any discovery whatsoever is more of a failure to prosecute situation than a discovery sanction situation, explaining: "[a]s to the lost plaintiffs (Garlington and Davis), as to whom plaintiffs' counsel has been unable to contact, the

appropriate remedy is not found in a Rule 37 sanction, but in a Rule 41 dismissal for "failure to prosecute" inasmuch as such plaintiffs have, from all appearances, abandoned the prosecution by not keeping their attorneys informed of their mailing addresses." *Scott*, *supra*, at \*1-2. However, the "lost plaintiffs" were not dismissed at the discovery stage. Instead, this Court ruled that "as to Plaintiffs Garlington and Davis, such plaintiffs are, in accordance with Rule 41(a)(1), warned that failure to appear by the commencement of trial will result in dismissal of their claims with prejudice. If such parties do appear before such time, the court will then hear any arguments concerning compliance with Judge Cayer's Order." *Id*.

The same result should be obtained in this case as was decided in the *Scott* case. No Plaintiff should be dismissed, nor should the entire action be dismissed, under Rule 41 for failure to prosecute.

### E. Atrium is not entitled to fees and costs.

As an initial matter, Atrium did no analysis of dismissal as a sanction under Rule 37 and, therefore, should not be awarded sanctions under that section. Beyond that, Atrium has failed to show that any violation of Rule 37 was "without substantial justification." Plaintiffs Response herein provides that substantial justification.

Lastly, there is no question that Atrium did not meet and confer before filing the instant motion. The sanction for failing to meet and confer is the denial of a request for expenses incurred in making the motion, including attorneys fees. *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc*., 246 F.R.D. 522, 526 (S.D.W. Va. 2007); *Gen. Assurance of Am., Inc. v. Arch Ins*. Co., No. 3:17-CV-04628, 2018 U.S. Dist. LEXIS 158538, 2018 WL 4343413, at \*2 (S.D.W. Va. Sept. 11, 2018) (same). The reason for imposing such a sanction is self-evident. The issues could have been informally resolved had Atrium simply picked up the phone and engaged

15

in a conversation with Plaintiffs' counsel.

### III. CONCLUSION

For any or all of the foregoing reasons, Plaintiffs respectfully request this Court deny Defendant's Motion for Sanctions in its entirety.

Respectfully submitted this 4th day of May 2023.

>*/s/ L. Michelle Gessner*
>L. Michelle Gessner, NCSB #26590
>GESSNERLAW, PLLC
>602 East Morehead
>G. G. Galloway House
>Charlotte, North Carolina 28202
>Tel: (704) 234-7442; Fax: (980) 206-0286
>Email: michelle@mgessnerlaw.com
>
>
>*Attorneys for Plaintiff*