UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00242-RJC-SCR

| | |
|---|---|
| PRISCILLA WILLIAMS, et. al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THE CHARLOTTE-MECKLENBURG ) | |
| HOSPITAL AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Sanctions for Plaintiffs' Failure to Fully Comply with Court Order Compelling Discovery Responses" (Doc. No. 63) and the parties' briefs and exhibits (Doc. No. 64, 67 and 72).

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and is now ripe for the Court's consideration.

Defendant seeks dismissal for Plaintiffs' failure to comply with the Court's February 13, 2023 Text-Only Order granting Defendant's Motion to Compel (Doc. No. 58). The Court ordered that "[f]or the reasons stated in the parties' briefs, within ten days of this Order Plaintiffs shall serve complete responses without objection to Defendant's First Set of Interrogatories and Requests for Production of Documents. The parties shall bear their own costs at this time. So Ordered." Id. Plaintiffs did not object to the Order.

On February 22, 2023, Plaintiffs sought and received an extension to March 6, 2023. See Text-Only Order entered February 23, 2023.

On April 10, 2023, Defendant filed the subject Motion for Sanctions seeking dismissal. Based on the briefs before the Court, Plaintiffs belatedly (not until May 4, 2023—and long after the Court required compliance), but "largely" complied with their discovery obligations. Doc. No. 72 at 1. Nevertheless, significant deficiencies remain. Most notably, in some responses Plaintiffs purported to assert objections notwithstanding the Court's earlier ruling on February 13, 2023, that responses were to be without objection. Other responses continue to be deficient and several lack verification by the specific Plaintiff making the response. And one Plaintiff – Jeffrey Reitkerk – has entirely failed to respond. Id.

The Federal Rules of Civil Procedure permit the Court to sanction parties who fail to comply with their discovery obligations. See Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Specifically,

> [i]f a party . . . fails to obey an order or provide or permit discovery . . . the court . . . may issue further just orders. They may include the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Dismissal and the imposition of monetary sanctions, among other things, are remedies available under Rule 37 and 41 for a party's failure to obey rules governing discovery and orders of the district court. See Fed. R. Civ. P. 37(b) and 41(b); National Hockey League v. Metro. Hockey Club, 427 U.S. 639, 642-43 (1976); Mutual Fed. Sav. & Loan v. Richards & Assocs., 872 F.2d 88, 92-93 (4th Cir. 1989); Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504-06 (4th Cir. 1977).

In Wilson, the Fourth Circuit established a four-part test for entry of the most severe sanctions, in that case, default judgment, and here dismissal. The Court must determine: (1)

whether the noncomplying party acted in bad faith; (2) the amount of prejudice the noncompliance caused the adversary, which necessarily includes an inquiry into the materiality of the evidence the party failed to produce; (3) the need for deterring the particular type of noncompliance; and (4) the effectiveness of less drastic sanctions. Wilson, 561 F.2d at 503–06. The Fourth Circuit has also emphasized the importance of warning the offending party of the potential sanctions. Hathcock v. Navistar Intern. Transp. Corp., 53 F.3d 36, 40 (4th Cir.1995) (vacating default judgment and remanding to district court for consideration of Wilson factors, and recognizing based on prior case law that another case would be presented if a warning had been given) (citing Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995)).

Accordingly, the Court warns Plaintiffs that failure to provide full and complete responses to these discovery requests, respond to any other of Defendant's reasonable discovery requests, or otherwise comply fully with any of the Court's orders (including, but not limited to, the Court's order of February 13, 2023), the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. Sanctions may include those permitted by Federal Rule of Civil Procedure 37, including, but not limited to, Plaintiffs being ordered to pay Defendant's costs including reasonable attorney's fees in their entirety **and may also include dismissal of the Complaint with prejudice**.

    **NOW THEREFORE IT IS ORDERED:**

    1. Defendant's "Motion for Sanctions for Plaintiffs' Failure to Fully Comply with Court Order Compelling Discovery Responses" (Doc. No. 63) is **GRANTED IN PART** and **DENIED IN PART**. Within fifteen days of the date of this Order, Plaintiffs shall serve complete verified supplemental responses without objection to Defendant's First Set of Interrogatories and Requests for Production of Documents as previously ordered. Failure to comply with this Order may result

<u>in dismissal of each offending Plaintiff's claims with prejudice, an order to pay Defendant's costs, including reasonable attorney's fees in their entirety, or any other sanction permitted by Federal Rule of Civil Procedure 37(b).</u>

2. The parties shall bear their own costs <u>at this time</u>.

3. The Clerk is directed to send copies of this Order to the parties' counsel <u>and to the Honorable Robert J. Conrad, Jr.</u>

**SO ORDERED**.

Signed: May 25, 2023

Susan C. Rodriguez
United States Magistrate Judge