UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00242-RJC-SCR

| | |
|---|---|
| PRISCILLA WILLIAMS, et. al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| THE CHARLOTTE-MECKLENBURG ) | |
| HOSPITAL AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on "Defendants' Unopposed Motion to Dismiss Opt-in Plaintiff Jeffrey Reitkerk with Prejudice and Defendant's Motion for Sanctions" (Doc. No. 75) and "Memorandum in Support …" (Doc. No. 76). Plaintiffs have not responded to the Motion and the time for filing a response has expired. In an email to defense counsel, Plaintiff's counsel stated that the Motion to Dismiss is unopposed and made no mention of the Motion for Sanctions. (Doc. No. 76-1). Opt-in Plaintiff Reitkerk did not respond to his counsel's attempts to contact him. Id.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

On April 10, 2023, Defendant filed a Motion for Sanctions seeking dismissal for Plaintiffs' failure to comply with the Court's February 13, 2023 Text-Only Order granting Defendant's Motion to Compel (Doc. No. 58). The Court ordered that "[f]or the reasons stated in the parties' briefs, within ten days of this Order Plaintiffs shall serve complete responses without objection to

Defendant's First Set of Interrogatories and Requests for Production of Documents. The parties shall bear their own costs at this time. So Ordered." Id. Plaintiffs did not object to the Order.

On February 22, 2023, Plaintiffs sought and received an extension to March 6, 2023. See Text-Only Order entered February 23, 2023. Plaintiffs belatedly (not until May 4, 2023—and long after the Court required compliance), but "largely" complied with their discovery obligations. (Doc. No. 72 at 1). Nevertheless, significant deficiencies remained. Most notably, in some responses Plaintiffs purported to assert objections notwithstanding the Court's earlier ruling on February 13, 2023, that responses were to be without objection. Other responses continued to be deficient and several lacked verification by the specific Plaintiff making the response. And one Opt-In Plaintiff – Jeffrey Reitkerk – entirely failed to respond. Id.

On May 25, 2023, the Court entered the following Order:

> 1. Defendant's "Motion for Sanctions for Plaintiffs' Failure to Fully Comply with Court Order Compelling Discovery Responses" (Doc. No. 63) is **GRANTED IN PART** and **DENIED IN PART**. Within fifteen days of the date of this Order, Plaintiffs shall serve complete verified supplemental responses without objection to Defendant's First Set of Interrogatories and Requests for Production of Documents as previously ordered. <u>Failure to comply with this Order may result in dismissal of each offending Plaintiff's claims with prejudice, an order to pay Defendant's costs, including reasonable attorney's fees in their entirety, or any other sanction permitted by Federal Rule of Civil Procedure 37(b).</u>
>
> 2. The parties shall bear their own costs <u>at this time</u>.

(Doc. No. 74 at 3) (emphasis in original).

Despite this clear warning of the consequences to follow, Reitkerk has failed to comply with the Court's Orders and respond to discovery. (Doc. No. 76 at 1-3).

The Federal Rules of Civil Procedure permit the Court to sanction parties who fail to comply with their discovery obligations. See Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Specifically,

> [i]f a party . . . fails to obey an order or provide or permit discovery . . . the court . . . may issue further just orders. They may include the following: (i) directing that

the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Dismissal and the imposition of monetary sanctions, among other things, are remedies available under Rule 37 and 41 for a party's failure to obey rules governing discovery and orders of the district court. See Fed. R. Civ. P. 37(b) and 41(b); National Hockey League v. Metro. Hockey Club, 427 U.S. 639, 642-43 (1976); Mutual Fed. Sav. & Loan v. Richards & Assocs., 872 F.2d 88, 92-93 (4th Cir. 1989); Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504-06 (4th Cir. 1977).

In Wilson, the Fourth Circuit established a four-part test for entry of the most severe sanctions, in that case, default judgment, and here dismissal. The Court must determine: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice the noncompliance caused the adversary, which necessarily includes an inquiry into the materiality of the evidence the party failed to produce; (3) the need for deterring the particular type of noncompliance; and (4) the effectiveness of less drastic sanctions. Wilson, 561 F.2d at 503–06. The Fourth Circuit has also emphasized the importance of warning the offending party of the potential sanctions. Hathcock v. Navistar Intern. Transp. Corp., 53 F.3d 36, 40 (4th Cir.1995) (vacating default judgment and remanding to district court for consideration of Wilson factors, and recognizing based on prior case law that another case would be presented if a warning had been given) (citing Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995)).

Applying these legal principles to the record in this case, the Court concludes that no sanction short of dismissal will be effective. Here, Opt-In Plaintiff Reitkerk has failed to respond

and completely ignored the Court's orders, which demonstrates bad faith. Defendant has requested information necessary to defend itself in the lawsuit and is prejudiced by this lack of response. Further, this lack of response, despite warnings by this Court, and repeated failure to comply with the Court's orders is unacceptable. There is a clear need to deter this type of noncompliance and less drastic sanctions would not be effective. The Court finds that Defendant is entitled to an award of its costs including reasonable attorney's fees incurred in preparation of this Motion.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants' Unopposed Motion to Dismiss Opt-in Plaintiff Jeffrey Reitkerk with Prejudice and Defendant's Motion for Sanctions" (Doc. No. 75) be **GRANTED.** Specifically, the undersigned recommends that Opt-in Plaintiff Jeffrey Reitkerk be **DISMISSED WITH PREJUDICE** and that Defendant be **AWARDED** its reasonable attorney's fees and costs incurred in the preparation of this Motion in an amount to be determined by the District Judge.

## TIME FOR OBJECTIONS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court

of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

Plaintiffs' counsel shall send a copy of this Order to Opt-In Plaintiff Reitkerk.

**SO RECOMMENDED AND ORDERED.**

Signed: July 13, 2023

_____
Susan C. Rodriguez
United States Magistrate Judge