UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00242-RJC-SCR

| | |
|---|---|
| **PRISCILLA WILLIAMS, et. al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **THE CHARLOTTE-MECKLENBURG** ) | |
| **HOSPITAL AUTHORITY,** ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the Court on "Plaintiffs' Motion under N.C. Gen. Stat. § 131E-257.2 for Court Order to Produce Personnel File of Kerry Bratcher" (Doc. No. 78) and "Defendant's Memorandum in Opposition…" (Doc. No. 81).

In the aggregate, Plaintiffs allege discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq. ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e, et seq. ("Title VII"), the Americans with Disabilities Act Amendments Act of 2008 ("ADA"), 42 U.S.C. § 12111, et seq. and the Family Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA"), as well as North Carolina public policy and the North Carolina Equal Employment Practices Act, N.C. Gen. Stat. § 143-422.1, et seq.[1] "Amended Complaint" (Doc. No. 43 at 1-2). Plaintiffs allege that the origin of all discrimination was their supervisor, Kelly Bratcher. (Doc. No. 43 at ¶ 21) ("Plaintiffs worked for decades without

---

[1] Plaintiffs Williams, Napier and Wolfe allege ADEA claims. Plaintiffs Williams and Wizzard allege Title VII claims. Plaintiff Williams alleges ADA and retaliation under FMLA claims. Plaintiffs Williams and Wolfe also allege claims under North Carolina law. (Doc. No. 43).

incident until Kerry Bratcher ('Bratcher') became the Nurse Manager on the Unit"). They allege that Bratcher made statements, including to Plaintiff Napier, "that she wanted to get rid of older and African American employees on the Unit" and that "Bratcher began targeting older, African American employees, and telling others they could 'thank her' when older, African Americans were terminated or forced out." Id. at ¶ 22. Bratcher is named more than 80 times in the 29 page Amended Complaint. Id. at 6-29. Bratcher is expressly named as the alleged discriminator and/or decisionmaker in the ADEA, Title VII, ADA and FMLA claims, and by reference is incorporated in all claims. Id. at 16-28.

Plaintiffs' Requests for Production of Documents No. 2 seeks "[t]he entire personnel file for Kerry Bratcher, January 1, 2016, to present." (Doc. No. 78 at 1).

In its discovery response, Defendant objected to this request on the grounds that "'[t]he entire personnel file' is vague, not defined, and susceptible to multiple interpretations." Id. Defendant further objected to this request "because it seeks documents that are subject to protection under N.C. Gen. Stat. § 131E-257.2 of the Public Hospital Personnel Act, and because the documents sought are not relevant, nor proportional to the needs of this case." Id. at 1-2. In its brief, in addition to arguing confidentiality under N.C. Gen. Stat. § 131E-257.2, Defendant argues vagueness and relevance. (Doc. 81 at 1-6). The parties agree, however, that N.C. Gen. Stat. § 131E-257.2(c)(4) permits production of a subject personnel file pursuant to court order. (Doc. Nos. 78 at 3, 81 at 4).

Disclosure of personnel files is appropriate when "the files sought are those of employees whose action or inaction has a direct bearing on the Plaintiff's claims or Defendant's affirmative defenses." Howard v. Coll. of the Albemarle & Kandi Deitemeyer, No. 2:15-CV-00039-D, 2016 WL 4384658, at *2 (E.D.N.C. Aug. 16, 2016) (quoting Cason v. Builders FirstSource-Se. Grp.,

Inc., 159 F. Supp. 2d 242, 247–48 (W.D.N.C. 2001) ("where the files sought are those of employees whose action or inaction has a direct bearing on the Plaintiff's claims or Defendant's affirmative defenses and especially where ... the court has issued an appropriate confidentiality order, personnel files are subject to discovery."))  However, "it is unlikely that all of the documents contained in [decisionmaker's] personnel file will be relevant… For example, personnel files often contain wage and tax documents, medical records, family and beneficiary information, and other materials that would be of no particular use in this [employment discrimination] litigation." Reeves v. Wayne Cnty. Bd. of Educ., No. 3:20-CV-00423, 2020 WL 6688863, at *2 (S.D.W. Va. Nov. 12, 2020).  See also McDougal-Wilson v. Goodyear Tire & Rubber Co., 232 F.R.D. 246, 252 (E.D.N.C. 2005) ("withholding of irrelevant information and information of a personal nature (e.g., medical, family, or insurance documentation or documentation regarding safety training) is legitimate.")  In short, production of Bratcher's personnel file including documents related to her education and experience, work performance, supervisor and management training, performance reviews, and disciplinary records– anything that relates to her being a supervisor and consistent with N.C. Gen. Stat. § 131E-257.2– should be produced, while purely private, irrelevant information, such as her beneficiary designations and tax information, should not.

The Court further notes that a Stipulated Protective Order has been entered (Doc. No. 56), and the parties may opt to designate documents in the personnel file as "Confidential" consistent with the Order and N.C. Gen. Stat. § 131E-257.2.

For those reasons, Plaintiffs' Motion will be granted in part and denied in part as set forth below.

The Court also notes that there are two other discovery Motions pending. ("Plaintiffs' Motion to Compel …" Doc. No. 82 & "Plaintiffs' Motion to Have Requests for Admission

Deemed Admitted …" Doc. No. 84). These Motions raise numerous issues including allegations of failure to adhere to discovery limits as stated in the Pretrial Order and Case Management Plan (Doc. No. 51), use of boilerplate objections, vaguely defined terms in discovery requests, disputes concerning relevance, proportionality, confidentiality and privilege, and whether responses to document requests were properly designated as also serving as responses to interrogatories. (Doc. Nos. 83, 85, 88, 91 & 92). These issues relate to virtually all of Plaintiffs' Interrogatories (Sets One and Two), Requests for Production of Documents and Requests for Admission.

In short, it appears that rather than meet and confer in a meaningful process designed to find compromises and eliminate all but the most intractable disputes, the parties have simply handed their disputes to the Court. The Court reminds the parties that the Pretrial Order and Case Management Plan states:

> Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention. Failure to do so may result in appropriate sanctions.

(Doc. No. 51 at 5). In the interests of judicial efficiency, the Court **ORDERS** the parties to meet and confer in a good faith effort to resolve their remaining disputes in Motions Doc. Nos. 82 and 84 and, at the very least, narrow the disputed issues before the Court. The parties shall file a status report no more than two pages in length stating which disputes have been resolved and which remain for the Court by October 24, 2023.

**NOW IT IS HEREBY ORDERED that:**

1. "Plaintiffs' Motion under N.C. Gen. Stat. § 131E-257.2 for Court Order to Produce Personnel File of Kerry Bratcher" (Doc. No. 78) is **GRANTED IN PART** and **DENIED IN PART**. Within 14 days of this Order, Defendant shall produce Bratcher's

personnel file consistent with this Order. Defendant may designate such production as "Confidential" pursuant to the Stipulated Protective Order (Doc. No. 56) and consistent with N.C. Gen. Stat. § 131E-257.2.

2. No later than October 20, 2023, the parties shall meet and confer concerning "Plaintiffs' Motion to Compel …" (Doc. No. 82) & "Plaintiffs' Motion to Have Requests for Admission Deemed Admitted …" (Doc. No. 84) as explained above. The parties shall file their status report with the Court no later than October 25, 2023.

3. Discovery is extended to November 15, 2023, to address these specific issues. Motions are now due by December 15, 2023. Other case deadlines remain the same.

4. The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr..

**SO ORDERED**.

Signed: October 10, 2023

Susan C. Rodriguez
United States Magistrate Judge